1 | Frederic G. Ludwig, III (CA Bar. No. 205332)
2 | eric.ludwig@ludwigiplaw.com
  | Andrew J. Kubik (CA Bar No. 246902)
3 | andrew.kubik@ludwigiplaw.com
4 | LUDWIG, APC
  | 12463 Rancho Bernardo Road, No. 532
5 | San Diego, California 92128
6 | Telephone: 619-929-0873

7 Attorney for Plaintiff PATRICK J. CAUGHEY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| PATRICK J. CAUGHEY, an individual, | Case No. 22-cv-1826-JES-BLM |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| v. | |
| LIVELY ROOT TECHNOLOGIES, INC., a Delaware corporation; COLIN BARCELOUX, an individual; and DOES 1-10, | **Demand for Jury Trial** |
| Defendants. | Judge: Hon. James E. Simmons, Jr.<br>Courtroom # 4B<br>Hearing Date: July 12, 2023<br>Hearing Time: 9:00 a.m. |

PATRICK J. CAUGHEY ("Plaintiff" or "Caughey") respectfully submits the following Motion to Enforce Settlement Agreement.

## I. INTRODUCTION

Defendants must honor their prior written commitment to resolve this case with Caughey. Specifically, although Defendants Lively Root Technologies, Inc. ("Lively Root") and Colin Barceloux promised to pay Caughey $126,500 within ten business days of execution of a settlement agreement the parties entered into in February of this year, they have yet to do so. As this Court has jurisdiction over this matter, Caughey moves the Court for an order to enforce the settlement agreement, to enter judgment against Lively Root and Barceloux for the unpaid amount of the



agreed upon settlement sum, and to award sanctions against Lively Root and Barceloux in the amount of the legal expenses incurred by Caughey in enforcing the settlement agreement and interest.

## II. FACTS

On November 20, 2022, Caughey filed his complaint in this action naming Lively Root and Barceloux as Defendants. Dkt. No. 1. Caughey caused the complaint and summons to be served on Lively Root and Barceloux. See Dkt. Nos. 3 & 5. On December 20, 2022, Caughey filed his first amended complaint. Dkt. No. 4. Caughey caused the first amended complaint to be served on Lively Root. See Dkt. No. 10. On January 26, 2023, Caughey caused the first amended complaint to be served on Barceloux. Declaration of Frederic G. Ludwig, III, ¶ 3, Ex. 1.

Immediately after the filing of the complaint, the parties communicated regarding resolving the dispute. After negotiations through their attorneys, the parties agreed to the terms of a settlement and drafted an appropriate written agreement. Caughey, Lively Root and Barceloux, and their respective attorneys, all signed a settlement agreement in February of 2023. Ludwig Decl., Ex. 2, the "Settlement Agreement."

The Settlement Agreement provides:

> As material consideration for the agreements, covenants and undertakings of the Parties under this Settlement Agreement, and in exchange for the releases, waivers and representations described in paragraphs III.1(a)-(c) above, Lively Root and Barceloux will pay the sum of one hundred twenty-six thousand five hundred dollars and no cents ($126,500.00) to Caughey within ten (10) business days of the execution of this Settlement Agreement.

Ludwig Decl., Ex. 2, ¶ 2(a), p. 2.

Thus, the Settlement Agreement was fully executed on February 23, 2023. Ludwig Decl., Ex. 2. Caughey was to receive the full amount of the settlement payment within ten business days of the execution of the Settlement Agreement. *Id*. Ten business days after February 23, 2023, is March 9, 2023. He did not receive it.

Ludwig Decl. ¶ 6.

By March 24, 2023, Caughey had only five thousand dollars ($5,000) from CNA insurance on behalf of Lively Root and Barceloux. Ludwig Decl. ¶ 6. Caughey did not collect any other payment from any source to satisfy the settlement. Ludwig Decl. ¶ 7. The outstanding principal settlement sum is $121,500.00. *Id*.

The Settlement Agreement contains a fees and costs provision:

> If, however, any action at law or in equity, including an action for declaratory relief, is brought to enforce or interpret the provisions of this Settlement Agreement, the prevailing party shall be entitled to reasonable costs and attorneys' fees in bringing, prosecuting, and/or defending such action.

Ludwig Decl., Ex. 2, ¶5, p. 5.

### III. ARGUMENT

**A. This Court Has Authority to Enforce the Settlement Agreement.**

This Court is empowered to enforce the terms of the Settlement Agreement. "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citing *E.g., Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984).

Until an action is dismissed, the court in which an action is filed retains jurisdiction over that action. Therefore, a settlement agreement entered into prior to dismissal of the action can be enforced in that action and judgment can be entered thereon. See *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136, 1140 (9th Cir. 2002); *Roman-Oliveras v. P.R. Elec. Power Auth. (PREPA)*, 797 F.3d 83, 86-87 (1st Cir. 2015) (court "indisputably had subject matter jurisdiction over the plaintiffs' suit and that suit had not yet been dismissed when the defendants sought to enforce the settlement agreement that they claimed had been reached"); see also *Serta Simmons Bedding, LLC v. Casper Sleep Inc.*, 950 F.3d 849, 854-855 (Fed. Cir. 2020).

The Settlement Agreement entered into in this case is amenable to enforcement



by this Court. For a settlement agreement to be enforced by a district court, the settlement agreement must be complete. *Callie*, 829 F.2d at 890 (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983); *see Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984)). It is indisputable that the Settlement Agreement is complete. Each party and each parties' attorneys signed the Settlement Agreement. Ludwig Decl., Ex. 2.

Further, the Settlement Agreement contains an integration clause that states:

> This Settlement Agreement contains the sole, complete, and entire Settlement Agreement and understanding of the Parties concerning the matters addressed in the Settlement Agreement, and may not be altered, modified, or changed in any manner except by a writing duly executed by the Parties. No statements, promises or representations have been made by any party to another or relied upon and no consideration has been, or is, offered, promised, expected or held out, other than as stated in this Settlement Agreement. No party is relying on any representations other than those expressly set forth herein. There are no oral or written collateral agreements. All prior discussions and negotiations have been and are, merged and integrated into, and superseded by, this Settlement Agreement. No breach of any provision hereof can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

*Id*. at ¶ IV.4, p.4.

It is also indisputable that this case has not been dismissed. Therefore, this Court has jurisdiction and is able to enforce the Settlement Agreement.

**B. Lively Root and Barceloux Breached the Settlement Agreement.**

Lively Root and Barceloux have breached the Settlement Agreement by failing to make payment of the settlement sum on the date it was due (March 9, 2023). Ludwig Decl. ¶¶ 6-8. Counsel for Caughey communicated on several occasions with counsel for Lively Root and Barceloux regarding their failure to perform. Ludwig Decl. ¶ 9, Ex. 3. Lively Root and Barceloux have provided no defense or explanation as to why they have not performed other than Lively Root not having ample funds. *Id*. That, of course, is not a legal excuse to enter into a settlement agreement agreeing

to pay a settlement sum in ten days' time and then failing to make any payment whatsoever (the only payment of $5,000 came directly from Lively Root's insurer).

Lively Root and Barceloux have failed to pay the outstanding principal sum of $121,500 that they are required to pay to Caughey pursuant to the terms of the Settlement Agreement. Lively Root and Barceloux must be ordered to perform their obligations, and this Court has jurisdiction to do so.

### C. Enforcement of the Settlement Agreement Entitles Caughey to the Unpaid Settlement Sum, Legal Expenses and Interest.

The Settlement Agreement includes an attorneys' fees provision that applies to any action brought to enforce the provisions of the Settlement Agreement and entitles the prevailing party to reasonable costs and attorneys' fees. Ludwig Decl., Ex. 2, ¶4, p. 5. Caughey is entitled to recover legal expenses he incurs in enforcing the Settlement Agreement.

Caughey is also entitled to recover prejudgment interest of 10% per annum on the amount he is owed. Federal courts apply state law to claims for prejudgment interest unless a federal law preempts it. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007); *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). California Civil Code section 3289 provides for interest at ten percent per annum after a breach of contract. Civ. Code §3289. The unpaid settlement sum is a certain sum that was due to Caughey on a particular day and Caughey is entitled to recover section 3289 interest on $121,500 beginning on March 9, 2023. See *Wisper Corp. v. California Commerce Bank*, 49 Cal. App. 949, 958 (1996).

Caughey respectfully requests that this Court grant an order and enter judgement that Lively Root and Barceloux must immediately pay Caughey the outstanding settlement sum of $121,500 plus the legal fees and costs incurred to enforce the Settlement Agreement and interest on the amount owed accruing from the date it was due to be paid. Legal fees and costs incurred through the date this motion is filed equals $8,460.50. Ludwig Decl. ¶¶ 9-11. Interest at 10% per annum

is accruing at a rate of $33.29 per day from March 9, 2023. Ludwig Decl. ¶ 12. Through the date this motion is filed, total interest accrued equals $2,929.52. *Id*. Caughey will update the amount of legal expenses and interest in his Reply papers if necessary.

## IV. CONCLUSION

As addressed above, Caughey requests the Court Enforce the Settlement Agreement against Lively Root and Barceloux, order immediate payment of the outstanding settlement sum of $121,500, legal fees of $8,460.50, and interest of $2,929.52 as set forth herein, and enter judgement against Lively Root and Barceloux in favor of Caughey.

Dated: June 5, 2023

Respectfully Submitted

By: _____
Frederic G. Ludwig, III
LUDWIG, APC
Attorneys for Plaintiff
PATRICK J. CAUGHEY

