Frederic G. Ludwig, III (CA Bar. No. 205332)
eric.ludwig@ludwigiplaw.com
Andrew J. Kubik (CA Bar No. 246902)
andrew.kubik@ludwigiplaw.com
LUDWIG, APC
12463 Rancho Bernardo Road, No. 532
San Diego, California 92128
Telephone: 619-929-0873

Attorney for Plaintiff PATRICK J. CAUGHEY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. CAUGHEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIVELY ROOT TECHNOLOGIES, INC., a Delaware corporation; COLIN BARCELOUX, an individual; and DOES 1-10,<br><br>Defendants. | Case No. 22-cv-1826-JES-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFF'S MOTION FOR AN ORDER FOR DEFENDANTS TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT**<br><br>Judge: Hon. James E. Simmons, Jr.<br>Courtroom # 4B<br>Hearing Date: January 17, 2024<br>Hearing Time: 10:00 a.m. |

PATRICK J. CAUGHEY ("Plaintiff" or "Caughey") respectfully submits the following Motion for an Order for Defendants to Show Cause Why Defendants Should Not Be Held in Contempt of Court.

**I.   INTRODUCTION**

Defendants LIVELY ROOT TECHNOLOGIES, INC. and COLIN BARCELOUX are in violation of the judgment entered by this Court, instructing them to honor the terms of their February 2023 settlement with Plaintiff. Despite being required to pay Caughey $121,500 in settlement proceeds, plus legal fees, and interest of $2,929.52, neither Lively Root nor Barceloux has made any attempt to satisfy their obligations to Caughey. By this motion Caughey seeks the Court's



intervention to enforce the non-monetary component of the judgment. For the reasons set forth herein, Caughey anticipates the Court will agree that clear and convincing evidence exists to support a finding that Defendants are in contempt. An award of monetary sanctions should follow.

## II. FACTS

On November 20, 2022, Caughey filed his complaint in this action naming Lively Root and Barceloux as Defendants. Dkt. No. 1. On December 20, 2022, Caughey filed his first amended complaint. Dkt. No. 4.

Immediately after the filing of the complaint, the parties communicated regarding resolving the dispute. After negotiations through their attorneys, the parties agreed to the terms of settlement and drafted a written settlement agreement. Caughey, Lively Root and Barceloux, and their respective attorneys, all signed a settlement agreement in February of 2023 (the "Settlement Agreement.") Dkt. 15-2, Ex. 2.

The Settlement Agreement provides:

> As material consideration for the agreements, covenants and undertakings of the Parties under this Settlement Agreement, and in exchange for the releases, waivers and representations described in paragraphs III.1(a)-(c) above, Lively Root and Barceloux will pay the sum of one hundred twenty-six thousand five hundred dollars and no cents ($126,500.00) to Caughey within ten (10) business days of the execution of this Settlement Agreement.
> Id., ¶ 2(a), p. 2.

Lively Root and Barceloux failed to complete payment to Caughey under the terms of the Settlement Agreement.

Caughey filed a motion to enforce the settlement agreement. Dkt. 15. Neither Lively Root nor Barceloux opposed the motion. Caughey's motion sought the following relief:

> Caughey moves the Court for an order to enforce the settlement agreement, to enter judgment against Lively Root and Barceloux for the unpaid amount of the agreed upon settlement sum, and to award sanctions against Lively Root and Barceloux in the amount of the legal



> expenses incurred by Caughey in enforcing the settlement agreement and interest.

Dkt. 15-1, 1:27-2:3.

> Caughey requests the Court Enforce the Settlement Agreement against Lively Root and Barceloux, order immediate payment of the outstanding settlement sum of $121,500, legal fees of $8,460.50, and interest of $2,929.52 as set forth herein and enter judgment against Lively Root and Barceloux in favor of Caughey.

Dkt. 15-1, 6:6-10.

On August 18, 2023, the Court granted Caughey's motion and ordered an award of attorney's fees:

> [T]he Court hereby GRANTS Plaintiff's motion to enforce the settlement agreement.
>
> Further, without objection from Defendant's, for the reasons stated on the record, the Court ORDERS attorney's fees in the amount of $10,728.50. The clerk is directed to close the case. IT IS SO ORDERED.

Dkt. 28.

On August 22, 2023, this Court entered Judgment in a Civil Case as follows:

> IT IS HEREBY ORDERED AND ADJUDGED:
>
> Plaintiff's motion to enforce the settlement agreement is Granted. The Court ORDERS Attorney's Fees in the amount of $10,728.50 and the case is closed.

Dkt. 29.

Notice of the Judgment was provided to Lively Root and Barceloux through their attorneys via the Court's CM/ECF system. *Id*.

Despite the Court's Order enforcing the settlement agreement, Lively Root and Barceloux have failed to take any action to perform under the settlement agreement. Ludwig Decl. ¶ 6.

/ / /

/ / /

/ / /

/ / /



### III. ARGUMENT

#### A. Disobedience of the Judgment Subjects Defendants to a Finding of Contempt

Defendants are in contempt of the Court. All courts, like this one, have inherent authority to enforce their orders through civil contempt. *See Shillitani v. United States,* 384 U.S. 364, 370 (1966); *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 795 (1987). Federal courts also have statutory authority to find a person in civil contempt for failing to comply with a court order. *See, e.g.*, 28 U.S.C. §§ 401–402; *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y,* 774 F.3d 935, 944 (9th Cir. 2014) ("[w]e also have statutory authority to punish both civil and criminal contempt pursuant to 18 U.S.C. §401"); *In re Bradley,* 588 F.3d 254, 265 (5th Cir. 2009). Such is the case here, since Defendants failed to comply with this Court's order.

Disregarding an obligation imposed by a judgment is grounds for contempt. Federal law provides that if a judgment requires a party to perform a specific act and the party fails to comply within the time specified, the Court may hold the disobedient party in contempt. Fed. R. Civ. P. 70. The phrase "fails to comply within time specified" in Federal Rule of Civil Procedure 70 logically means "reasonable" time under the circumstances when the judgment does not designate a certain time. *Flinn v. Rains (In re Rains)* 338 B.R. 99, 103 (Bankr. E.D. Cal. 2006). Here, the record indicates Defendants have had nearly four months since entry of judgment to satisfy the requirements therein, but have not done so. By any measure, this Court should conclude that a four-month span of time constitutes a "reasonable" opportunity for Defendants to comply.

Caughey may call upon this Court to force Defendants' compliance with the judgment. A civil contempt proceeding is initiated by the complaining party by seeking an order to show cause from the court. *Peery v. City of Miami*, 977 F.3d 1061, 1076 (11th Cir. 2020) ("the district court must apply the procedures for

evaluating civil contempt, regardless of whether either party explicitly requests them"); *Parsons v. Ryan*, 949 F.3d 443, 454 (9th Cir. 2020). To establish contempt, the moving party must demonstrate by clear and convincing evidence that the alleged contemnor violated a specific and definite court order by failing to take "take all reasonable steps within the party's power to comply." *In re Dual—Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). If the moving party successfully makes such a showing, "the burden shifts to the contemnor to demonstrate why they were unable to comply." *Forever 21, Inc. v. Ultimate Offprice, Inc.*, 2013 U.S. Dist. LEXIS 125666, 2013 WL 4718366, at *2 (citing *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999)).

"The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." *Dual-Deck*, 10 F.3d at 695 (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)). Nonetheless, "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" *Dual-Deck*, 10 F.3d at 695 (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)) (alteration in original).

This Court may also specifically order payment of the settlement amount contemplated in the judgment. In a contract action, determination of whether specific performance shall be decreed rests in sound discretion of trial court. *McFarland v. Gregory,* 322 F.2d 737, 1963 U.S. App. LEXIS 4704 (2d Cir. 1963). In framing a decree for specific performance of contract, the performance decreed need not be identical with that promised in the contract. *Id*. Here, the Court entered judgment, which consists of two orders: (1) The granting of Caughey's motion to enforce the settlement agreement; and (2) An award of attorney's fees in the amount of $10,728.50. Dkt. 29. This motion concerns only the first order granting Caughey's motion to enforce the settlement agreement.

/ / /



Caughey's motion to enforce the settlement agreement incorporated the settlement agreement itself (Dkt. 15-2, Ex. 2) and specifically requested the Court "order immediate payment of the outstanding settlement sum of $121,500" and "to enter judgment against Lively Root and Barceloux for the unpaid amount of the agreed upon settlement sum." Dkt. 15-1,1:27-2:3; 6:6-10.  By granting Caughey's motion to enforce the settlement agreement in the judgment, the Court necessarily included the terms of the settlement agreement in the judgment and granted the relief Caughey requested.  The judgment, by granting the motion, ordered the parties to comply with the terms of the settlement agreement including Lively Root and Barceloux's obligation to pay the "outstanding settlement sum of $121,500" to Caughey.

The judgment includes a specific performance or injunctive component as described above. *See, e.g., Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) ("The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract."); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("[A] district court has the equitable power to enforce summarily an agreement to settle a case pending before it.")  To interpret the judgment any other way renders it ineffectual and meaningless.

Despite the judgment being entered on August 22, 2023, Lively Root and Barceloux have failed to pay any portion of the outstanding settlement sum to Caughey.  Ludwig Decl. ¶6.  Such failure is disobedience of the court's order and judgment that supports a finding of contempt.

For civil contempt involving disobedience of a court order, courts generally require that some version of the following be established:

1. The order was in effect at the time of the alleged disobedience;

2. The respondent had actual or constructive notice of the order;

3. The order is clear and unambiguous;

/ / /

4. The respondent was not reasonably diligent in attempting to accomplish what was ordered; and

5. If compensatory damages are sought, proof of actual damages.

*In re United States Bureau of Prisons*, 918 F.3d 431, 440 (5th Cir. 2019); *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018); *CBS Broad, Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016); *Hawkins v. Dept. of Health & Human Servs. For New Hampshire, Com'r,* 665 F.3d 25, 31 (1st Cir. 2012).

Caughey addresses those issues in order:

1. The disobeyed judgment issued on August 22, 2023. Dkt. 29. Neither Lively Root nor Barceloux have made any payment to Caughey from August 22, 2023, through the filing of this motion. Ludwig Decl., ¶6.

2. The Judgment was served by the Court on both Lively Root and Barceloux through their attorneys via the CM/ECF system. Dkt. 29; CivLR 5.4.

3. The judgement clearly and unambiguously stated that "IT IS HEREBY ORDERED AND ADJUDGED: Plaintiff's motion to enforce the settlement agreement is Granted." Dkt. 29.

4. Neither Lively Root nor Barceloux have made any payment to Caughey or contacted Caughey about making payments or their attempts to make payments. Ludwig Decl. ¶6.

5. Proof of actual damages is addressed in greater detail below, but the damage is simply the amount owed under the settlement agreement, including interest, and the costs and attorney fees associated with bringing this proceeding.

Caughey has initiated this proceeding to urge the Court to find Lively Root and Barceloux in contempt of court and to issue appropriate sanctions. Caughey has met his burden to demonstrate the appropriateness of a finding of contempt.

/ / /

/ / /

### B.    An Award of a Monetary Fine Is Appropriate

The Court has several options for coercing compliance with its judgment and/or compensating Caughey for Lively Root and Barceloux's disobedience of the judgment, including monetary sanctions. When a court finds a party in contempt, it has "broad equitable power to order appropriate relief in civil contempt proceedings." *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003). A monetary fine is probably the most common form of sanction awarded in contempt proceedings. *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 427-428 (1st Cir. 2015); *Marchak v. Treadwell*, 595 F.3d 478, 494 (3d Cir. 2009). "In addition to nudging a party to comply with a past court order, a district court may also utilize sanctions to compensate the complainant for harms suffered as a result of the contempt and to reinforce the court's own authority." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 426 (1st Cir. 2015) (citing *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 78 (1st Cir. 2002)). "Sanctions for civil contempt can be imposed for one or both of two distinct purposes: (1) to compel or coerce obedience to a court order, *see, e.g., Shillitani v. United States*, 384 U.S. 364, 370-71, 16 L. Ed. 2d 622, 86 S. Ct. 1531 (1966); and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance, *see, e.g., Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 448-49, 55 L. Ed. 797, 31 S. Ct. 492 (1911)." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983).

"Because civil compensatory sanctions are remedial, they typically take the form of unconditional monetary sanctions." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016).

Generally, the injured party's attorney fees and costs associated with prosecuting a contempt proceeding may be recovered as part of a remedial civil contempt award. *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014); *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005); *New York State Nat. Org. for Women v. Terry*, 159

F.3d 86, 96 (2d Cir. 1998); *PlayNation Play Sys. v. Velex Corp.*, 939 F.3d 1205, 1215 (11th Cir. 2019).

In setting a compensatory monetary sanction, the court "must explain how it arrived at the specific amount of the sanction imposed." *F.T.C. v. Trudeau,* 579 F.3d 754, 770 (7th Cir. 2009) (setting forth methodology crucial to ensuring award is not greater than necessary).

Caughey simply seeks to recover what the Court ordered he is owed. The judgment in its current form does not state a dollar amount owed by Defendants under the settlement agreement, so traditional monetary judgment enforcement procedures are not available to Caughey. Instead, a contempt order is Caughey's only means to enforce this portion of the judgment.

Caughey's actual damage for Lively Roots and Barceloux's disobedience of the judgment is the amount owed under the settlement agreement ($121,500) plus legal interest from the original breach of $9,088.17 and attorney's fees for this proceeding of $,3533.[1] See Ludwig Decl. ¶ 7-10 (attorney's fees and interest calculations).

Caughey requests the Court issue sanctions in the amount of the unpaid settlement sum with interest, plus the additional attorney's fees incurred in bringing this motion, which totals $144,849.67.

IV. **CONCLUSION**

As addressed above, Caughey requests the Court issue an order for Defendants to show cause why they should not be held in contempt for disobeying the judgment.

---

[1] This would be in addition to the $10,728.50 in attorney's fees awarded in the judgment.

| | |
|---|---|
| Dated: December 6, 2023 | Respectfully Submitted<br><br>By: _____<br>  Frederic G. Ludwig, III<br>  LUDWIG, APC<br>  Attorneys for Plaintiff<br>  PATRICK J. CAUGHEY |

